IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20614
Summary Calendar
_____

RICHARD KENT MILLER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-3390
- - - - - - - - - -

April 20, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard Kent Miller (Texas prisoner #637111) has applied for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under the one-year limitations period of 28 U.S.C. § 2244(d). Miller sets forth several reasons why his § 2254 petition should be considered timely, most of which center around the Texas Court of Criminal Appeals' eight-day delay in sending him notice that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his state habeas application had been denied. The gist of Miller's contentions is that the eight-day delay should not have counted towards his limitations period. Miller's contentions, liberally construed, amount to an argument that his limitations period should have been equitably tolled to account for the eight-day delay.

The limitations period of § 2244(d), including the one-year grace period, is subject to equitable tolling "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), petition for cert. filed, (U.S. Feb. 23, 1999)(No. 98-8209); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). The doctrine of equitable tolling preserves a petitioner's claims "when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810 (internal quotations and citations omitted).

Because Miller's conviction became final prior to the AEDPA's effective date of April 24, 1996, his petition was timely if it was filed before the one-year grace period expired on April 24, 1997. See Flanagan v. Johnson, 154 F.3d 196, 199-200, 202 (5th Cir. 1998). Miller's § 2254 petition was not filed until October 2, 1997. The district court, however, determined that Miller filed a state habeas application on April 18, 1997. Miller's state habeas application tolled the one-year grace period six days prior to its expiration. See Fields, 159 F.3d at 916 (one-year grace period is tolled by state postconviction proceedings pending during that period). The Texas Court of Criminal Appeals denied Miller's state habeas application without

written order on September 22, 1997. Thus, Miller had six days from that date, or until September 28, 1997, to file a timely § 2254 petition. September 28, however, was a Sunday, so Miller had until September 29, 1997, to file a timely petition. See Fed. R. Civ. P. 6(a). The record indicates that the Texas Court of Criminal Appeals did not send out notice of its decision until September 24, 1997, and that Miller did not receive the court's notice until October 2, 1997. The district court determined that Miller filed his § 2254 petition on October 2, 1997, the same day that he received notice that his state habeas application had been denied. Despite his diligence, Miller missed the September 29th deadline by three days.

Given the unique circumstances of this case, Miller has shown that the strict application of § 2244(d)'s one-year limitations period would be inequitable and that the doctrine of equitable tolling should therefore apply to preserve his claims. See Davis, 158 F.3d at 810. Because Miller has shown that his § 2254 petition should not have been dismissed as time-barred, we ordinarily would proceed to the merits of Miller's habeas claims. See Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998). However, we lack jurisdiction to do so in the instant case because the district court did not address the merits of Miller's claims as an alternative to its procedural holding. See Sonnier, 161 F.3d at 945-46; Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). Moreover, the Respondent, in his motion to dismiss, reserved the right to plead failure to exhaust as a defense in the event that the district court declined to dismiss

Miller's petition as time-barred.  If we were to address the merits of Miller's claims, the Respondent's potential defense of exhaustion would be bypassed.  See Sonnier, 161 F.3d at 945.  Accordingly, we GRANT a COA on the limitations issue, VACATE the judgment of the district court, and REMAND the case to the district court so that the Respondent has an opportunity to assert failure to exhaust as a potential defense.  See id. at 945-46.  If Miller's case remains viable after that point, the district court is then instructed to consider the merits of Miller's habeas claims.  See id. at 946.

COA GRANTED; judgment VACATED and case REMANDED.